IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| ALEX SMITH, for himself and all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>STEADFAST MANAGEMENT COMPANY, INC. AND SIR STEINER RANCH APARTMENTS, LLC D/B/A MERITAGE AT STEINER RANCH,<br><br>*Defendants*. | § § § § § § § § § § § § § § § § §<br><br>CIVIL ACTION NO. 1:15-cv-00747-RP |

**ORDER GRANTING FINAL APPROVAL OF
CLASS ACTION SETTLEMENT**

This matter came on for hearing on May 11, 2017, at 1:00 p.m. in Courtroom No. 5 of the United States Courthouse, 501 West 5th Street, Austin, Texas 78701.  The Court has considered the Parties' Settlement Agreement, submitted February 3, 2017, the Motion for Final Approval and Entry of Final Judgment, the Motion for Award of Attorney Fees and Incentive Award to Class Representative, the Order Granting Preliminary Approval of Class Action Settlement ("Preliminary Approval Order") and other documents filed related to the Settlement, all matters raised and evidence presented at the time of the hearing, any objections or comments received regarding the Settlement, the record in the Action, and all oral arguments presented to the Court. Good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. This Order incorporates by reference the definitions in the Agreement, and all terms used herein shall have the same meanings as set forth in the Agreement.

2. The Court has jurisdiction over the subject matter of the Action and all Parties to the Action, including all Participating Class Members.

3. The Court approves the Settlement as set forth in the Agreement and finds that the Settlement is in all respects fair, reasonable, and adequate; meets all of the requirements under Rule 23 of the Federal Rules of Civil Procedure; and was reached in good faith following arms-length negotiations between the Parties.

4. The Agreement, this Order or any part of the Settlement are not admissions of liability or fault by Defendants or the Released Parties, or a finding of the validity of any claims in the Action or any wrongdoing or violation of law by Defendants or the Released Parties. Neither this Order, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be offered as evidence or received in evidence in any pending or future civil, criminal, or administrative action or proceeding to establish any liability of, or admission by Defendants, the Released Parties, or any of them. Notwithstanding the foregoing, nothing in this Order shall be interpreted to prohibit the use of this Order in a proceeding to consummate or enforce the Agreement, this Order or to defend against the assertion of Released Claims in any other proceeding, or as otherwise required by law.

5. No objections to the Settlement and Agreement have been made.

6. Pursuant to Rule 23(c) of the Federal Rules of Civil Procedure, the Court certifies the following Settlement class:

> All current and former residential tenants who are or were named parties to a lease at an apartment community in Texas managed by Steadfast Management Company, Inc., from August 24, 2011, to the Preliminary Approval Date, and whose Household was billed a pest control charge under the 2015 version of the

Texas Apartment Association lease form and/or any subsequent versions of the Texas Apartment Association lease form, and/or was billed a service fee in the amount of $5.

7. Pursuant to Rule 23(c)(3), the Settlement class shall consist of all Class Members who did not timely and validly exclude themselves from the Settlement and are thereby bound by this Order. The evidence presented shows that there are three (3) Class Members who have excluded themselves from this Settlement.

8. The Court finds that the requirements of Rule 23 of the Federal Rules of Civil Procedure have been satisfied.

9. The distribution of the Class Notice Forms constituted the best notice practicable under the circumstances, and fully satisfied the requirements of Rule 23 of Federal Rules of Civil Procedure, the requirements of due process, 28 U.S.C. §1715, and any other applicable law.

10. The Court approves Plaintiff Alex Smith as the Class Representative, and approves the following attorneys and law firms as Class Counsel:

>Britton D. Monts
>The Monts Firm
>
>R. Martin Weber, Jr.
>Richard E. Norman
>Crowley Norman LLP
>
>Jason W. Snell
>The Snell Law Firm P.L.L.C.
>
>Russell S. Post
>Karson Thompson
>Beck Redden LLP

11. In accordance with the terms of the Preliminary Approval Order and the Agreement, Defendants shall cause to be deposited by wire transfer with the TPA class settlement funds totaling $340,000, an amount sufficient to cover all payments to the

Participating Class Members. Settlement checks shall be mailed to all Participating Class Members in accordance with the Agreement.

12. In accordance with the terms of the Preliminary Approval Order and the Agreement, and having considered Class Counsels' Brief in Support of Award of Attorneys' Fees and Costs and Enhancement Award, exhibits thereto, and responses and objections thereto, if any, an enhancement award of $7,500 to be paid to Plaintiff is appropriate in recognition of the time and effort spent by Plaintiff as the class representative and for serving the interests of the Class Members.

13. Having considered the factors set forth in Rule 23(g)(1), the Court finds that Class Counsel are properly appointed to represent the Participating Class Members and they have fairly and adequately represented the Class Members for purposes of entering into and implementing the Settlement.

14. In accordance with the terms of the Preliminary Approval Order and the Agreement, and having considered Class Counsels' Brief in Support of Award of Attorneys' Fees and Costs and Enhancement Award, exhibits thereto, and responses and objections thereto, if any, an award of $249,500 for attorney fees and litigation expenses to be paid to Class Counsel is reasonable, fair and appropriate to compensate Class Counsel for the time and effort spent to investigate, file, litigate and settle the Action.

15. In accordance with the Agreement, the Plaintiff and all Participating Class Members are conclusively deemed to have acknowledged and agreed that the Released Claims include any and all claims, obligations, causes of action, actions, demands, rights, and liabilities of every kind, nature and description, including penalties, liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, and equitable relief under any state statute, federal statute or common law theory, whether known or unknown, whether anticipated or

unanticipated, arising prior to the Final Approval Date, which were pled in the Action, could have been pled in the Action relating to utilities and services, and/or relate to the $5 service fee and/or pest control fee, including without limitation, all claims under the Texas Water Code, the Texas Administrative Code, and/or any lease that relate to utilities and services, the $5 service fee or the pest control fee.  The Plaintiff and all Participating Class Members nonetheless release all such Released Claims against any and all of the Released Parties.

16. Upon the Effective Date, Plaintiff and all Participating Class Members are permanently barred and enjoined from initiating, asserting and/or prosecuting any Released Claims against any and all Released Parties in any court or any forum.

17. The Court hereby dismisses with prejudice the Action, and all Released Claims against any and all Released Parties and without costs to any of the Parties as against the others.

18. Without affecting the finality of this Order, the Court reserves jurisdiction over the implementation, administration and enforcement of the Settlement and this Order, and all matters ancillary thereto.

19. The Court finding that no reason exists for delay in ordering final approval pursuant to Federal Rules of Civil Procedure, the clerk is hereby directed to enter this Order forthwith.  This Order is final for purposes of appeal.

20. The Parties are hereby authorized without needing further approval from the Court, to agree to and adopt such modifications and expansions of the Agreement, including without limitation, the forms to be used in the process of distributing settlement payments, which are consistent with this Order and do not limit the rights of Settlement Class Members under the Agreement.

21. Any objections to the Settlement and approval of the Settlement are without merit and expressly overruled.

22. All other relief not expressly granted to Plaintiff and all Participating Class Members is denied.

**SIGNED** on May 11, 2017.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE